In the Matter of the Claim of MORRIS LINDBOE, Respondent, v. TENENBAUM'S MEAT MARKET et al., Appellants, and BERG'S DIAPER SERVICE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from decision of the Workmen's Compensation Board that claimant was in the employ of respondent Tenenbaum at the time of his injury and from an award of 25% disability. The sole issue is whether an employer-employee relationship existed between Tenenbaum and the claimant. The claimant testified that he was instructed by Tenenbaum that he was to pick up meat and groceries at his market twice a day; that he was paid at the rate of 35 cents per delivery, averaging about $40 a week and that he did not work for anyone else during this prescribed period. The respondent Tenenbaum denied that claimant was his employee. He did admit that claimant made collections for him at times and that he gave him a certain amount of money to make change for his various customers. He also testified that claimant had replaced his previous deliveryman and in referring to the latter, stated: "it wasn't convenient for him to deliver *the way I wanted my packages taken care of*". (Emphasis supplied.) That the respondent exercised direction and control over the claimant is apparent from the record and is sufficient to establish an employer-employee relationship. Regardless, the determination is within the sole province of the board as in *Matter of Denman* v. *Many & Zanetti* (8 A D 2d 576, affd. 8 N Y 2d 799), the court said: "Even assuming that a different inference might be drawn the board has the power and the duty to make a choice where either of two conflicting inferences may be drawn." Decision

affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Taylor, Aulisi and Hamm, JJ., concur.